IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RENE A. GUZMAN                                                                                         PLAINTIFF

    v.                              Civil No. 2:20-cv-02145-PKH-MEF

KILOLO KIJAKAZI[1], Acting Commissioner,
Social Security Administration                                                                         DEFENDANT

## MEMORANDUM OPINION AND ORDER

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF No. 29). On May 14, 2021, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $4,280.25, representing a total of 1.90 attorney hours for work performed in 2020 at an hourly rate of $202.50, 17.10 attorney hours in 2021 at a rate of $205.00 per hour, 2.00 paralegal hours in 2020 at a rate of $75.00 per hour, and 2.00 paralegal hours at an hourly rate of $120.00. (ECF No. 29-2). On July 20, 2021, the Defendant filed a response objecting to the hourly rate requested for paralegal services rendered in 2021 and to several of Plaintiff's time entries. (ECF No. 28). In response to these objections, the Court entered an Order on August 2, 2021, directing the Plaintiff to provide evidence of the prevailing market rate for paralegal services. (ECF No. 29). On August 17, 2021, the Plaintiff filed an Amended Motion for Attorney Fees, conceding the Defendant's objections to the paralegal rate for 2021 and amending the total award request to $4,190.25. (ECF Nos. 30, 31).

**I.**     **Discussion**

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case, as she is the prevailing party, the government's decision to deny benefits was not "substantially justified," the hourly rate requested for both attorney and paralegal hours does not exceed the CPI for either year in question, and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable with a reduction in hours as indicated below.  *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430 (1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved).

The Commissioner argues that the Plaintiff is not entitled to all the attorney hours she has requested for work performed prior to the filing of the Complaint.  We disagree.  An attorney is expected to be familiar with his case prior to filing a complaint in federal court.  Even if he has represented the client at the administrative level, this will require him to review notes from the administrative proceedings, communicate with his client regarding the appellate process, determine whether his client is a candidate for in forma pauperis, and prepare the complaint for filing with the court.  Therefore, we find the 1.00 attorney hours and 1.50 paralegal hours expended prior to and in conjunction with the preparation of the initial pleadings in this case to be reasonable.

The Commissioner also objects to the .20 attorney hours charged for requesting reassignment to a District Judge; .50 paralegal hours for preparing and scanning the Affidavits of Service, .40 attorney hours for receiving and reviewing Defendant's Unopposed Motions for Extension of Time to File Answer and Orders granting said Motions, .30 attorney hours for receiving and reviewing the Defendant's Answer, .10 attorney hours for receiving and reviewing the Scheduling Order, .20 attorney hours for receiving and reviewing the Text Order directing the parties to identify the transcript page numbers, .10 attorney hours for receiving and reviewing Notice of Attorney Appearance for the Defendant, .20 attorney hour for reviewing the Order granting Plaintiff's Motion for Extension of Time to File Brief, 1.00 attorney hours for preparing Plaintiff's EAJA Motion and Brief in Support, and 2.00 paralegal hours for preparing the EAJA Motion and Brief in Support.  We agree that the time requested for some of these tasks is excessive.  Accordingly, Plaintiff will be awarded .05 attorney hours for requesting reassignment to the District Judge; .25 hours for preparing and scanning the form Affidavits of Service; .20 hours for receiving and reviewing Defendant's Motions for Extension of Time to File Answer and the Orders granting these motions, .25 hours for receiving and reviewing the three page Answer; .10 attorney hours for receiving and reviewing this Court's standard Scheduling Order and Text Order directing the parties to identify the transcript page numbers; .05 attorney hours for receiving and reviewing the Defendant's Notice of Attorney Appearance, 1.00 attorney hours for preparing the EAJA Motion and Brief in Support; and 2.00 paralegal hours for preparation of the EAJA Motion, Brief, and documents in support.  This reduces the fee award for 2020 by a total of .25 paralegal hours and .35 attorney hours and by .50 attorney hours in 2021.  Accordingly, Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $3,848.13.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff; however, as a matter of practice, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, in order to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

## II.   Conclusion

Based upon the foregoing, Plaintiff is awarded the sum of **$3,848.13** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

Dated this 17th day of August 2021.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE